**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　v.

JOHNNY TURLEY,
　　　　*Defendant-Appellant.*

No. 00-4766

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　v.

DAVID GWYNN,
　　　　*Defendant-Appellant.*

No. 00-4776

Appeals from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-00-16)

Submitted: August 24, 2001

Decided: September 7, 2001

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Herbert Coleman Clay, Marion, Virginia; David L. Harmon, Bristol, Virginia, for Appellants. Ruth Plagenhoef, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Johnny Turley and David Gwynn pled guilty without benefit of a written plea agreement to possession of a firearm by convicted felons and unlawful users of controlled substances, 18 U.S.C.A. §§ 922(g)(1), 922(g)(3) (West 2000), and possession of stolen firearms, 18 U.S.C.A. § 922(j) (West 2000). Both received sentences of two hundred months imprisonment. Our review of the record finds no error in either the conviction or sentencing of Turley and Gwynn. We affirm.

Turley and Gwynn initially challenge the use of statements they made to Alcohol, Tobacco and Firearms agent Lesnak while in custody in the Surry County, North Carolina jail. Both assert that they were not advised of their rights under *Miranda v. Arizona*, 385 U.S. 486 (1966). Turley moved to suppress his statement to Agent Lesnak prior to trial. After the district court denied the motion to suppress, Turley pled guilty. Gwynn did not move to suppress his statements and pled guilty. Absent a conditional plea, pursuant to Fed. R. Crim. P. 11(a), reserving the right to appeal a pretrial motion, an appellant is foreclosed from appealing non-jurisdictional defects, including the denial of a motion to suppress, after the entry of a voluntary and knowing guilty plea. *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Turley and Gwynn's convictions are, therefore, affirmed.

Turley challenges the district court's failure to consider his history of breaking and entering as part of a common plan or scheme under *United States Sentencing Guidelines Manual* § 4A1.2 (2000). Turley's contention ignores the significant distinction between related offenses where the defendant is a career offender under the Guidelines as opposed to an armed career criminal pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1994). *See United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998). Turley was sentenced as an armed career criminal. Because the breaking and entering offenses at issue occurred at different locations and involved different victims, they are unrelated for purposes of § 924(e). *See Hobbs*, 136 F.3d at 388-890.

Turley's other challenges to the computation of his sentence are without merit. Turley's challenge to the district court's decision declining to depart downward is not reviewable because the district court did not misapprehend its authority to depart on the grounds offered. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). Accordingly, we affirm Turley's sentence.

Gwynn's counsel, consistent with *Anders v. California*, 386 U.S. 738 (1967), certifies that there are no meritorious issues for appeal, but challenges Gwynn's sentence for abuse of discretion by the district court in sentencing him to a term of two hundred months, a sentence within the properly computed sentencing guideline range. Such a sentence is not reviewable. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

Finally, Gwynn and Turley both assert that they received ineffective assistance of counsel. Claims of ineffective assistance of counsel are generally not cognizable on direct review. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). A review of the record does not conclusively establish ineffective assistance of counsel. To allow for adequate development of the record, the presumptive rule is that ineffective assistance of counsel claims must be pursued in a 28 U.S.C.A. § 2255 (West Supp. 2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible

issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. We deny counsel's motion to withdraw at this time. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Turley and Gwynn's convictions and sentences are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*